**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FIRAT DASDEMIR,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No. 26-cv-01617-BAS-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Firat Dasdemir filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he had been released on parole for four years.  (ECF No. 1.)  The Government files a Notice of Non-Opposition to Petitioner's request to be released on bond.  (ECF No. 4.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484

26cv1617

(1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Turkey, entered the United States on March 27, 2022, seeking asylum. (ECF No. 1, at ¶¶ 1, 11.) The Department of Homeland Security ("DHS") released Petitioner on parole. (*Id.* ¶ 1.) Petitioner has been residing and working lawfully in the United States since then. (*Id.* ¶ 3.) He is married to a U.S. citizen and raising a U.S. citizen son. (*Id.* ¶ 10.) He has work authorization, a driver's license, a Social Security card, and is pending his asylum claim. (*Id.* ¶ 11.) Petitioner complied with all the conditions of his release. (*Id.* ¶¶ 4, 9.) Nonetheless, on February 20, 2026, DHS re-detained Petitioner when he was delivering a package through Uber to an individual on Marine Corps Base Camp Pendleton. (*Id.* ¶ 3.) Petitioner was detained without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community. (*Id.* ¶ 28.) Petitioner seeks immediate release or a bond hearing.

## III.    ANALYSIS

The Government files a Notice of Non-Opposition to Petitioner's release on bond. (ECF No. 4.) And this Court agrees that Petitioner's re-detention, without notice or an opportunity to be heard and without noticeably changed circumstances, violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

26cv1617

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in March 2022, and because there is no evidence that those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Firat Dasdemir (A#240-558-375) be released on the same terms and conditions as he was previously released in March 2022.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1617